IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30583
Summary Calendar

_____

In The Matter Of: ARTHUR LEE SIGUST; BETTYE JEAN SIGUST,

Debtors.

_____

ARTHUR LEE SIGUST; BETTYE JEAN SIGUST,

Appellants,

versus

MICHAEL McDONOUGH, doing business as Levee Club,

Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(00-CV-2328)
_____

November 30, 2001

Before JOLLY, HIGGINBOTHAM, and PARKER, Circuit Judges.

PER CURIAM:[*]

Michael McDonough is the sole shareholder of a video poker establishment, The Levee Club, Inc. Bettye Sigust was a frequent patron of The Levee Club, but apparently was not a very lucky gambler. When she ran out of funds with which to play video poker, she wrote checks, leaving the payee line blank and writing "hold" on them, and McDonough cashed the checks for her with funds from

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the video poker machines.  McDonough and Mrs. Sigust agreed that McDonough would not present the checks to the bank, and that Mrs. Sigust would redeem them with cash.

Mrs. Sigust and her husband filed for Chapter 7 bankruptcy in September 1999.  McDonough, who at that time was holding approximately $8300 worth of Mrs. Sigust's unredeemed checks, filed a complaint objecting to discharge under 11 U.S.C. § 727, claiming that the Sigusts misrepresented the state of their financial affairs in the bankruptcy schedules.  The complaint was filed on behalf of McDonough, "D/B/A The Levee Club."

At a hearing in the bankruptcy court on August 11, 2000, McDonough testified that The Levee Club was a corporation.  The Sigusts moved to dismiss the complaint on the ground that McDonough lacked standing as a creditor because the funds used to cash the checks belonged to the corporation.  McDonough then moved to amend the pleadings to conform to the evidence, seeking to add The Levee Club, Inc. as a plaintiff.  The bankruptcy court granted the motion to amend and denied the Sigusts a discharge.  The Sigusts appealed to the district court, which affirmed the bankruptcy court's decision.

On appeal to our court, the Sigusts continue to press their argument that McDonough lacks standing because the funds used to cash the checks belonged to the corporation.  We agree with the bankruptcy and district courts that the checks were bearer paper. McDonough, as the holder of bearer paper, had standing to enforce

2

the checks.  See LA. REV. STAT. 10:3-104, 10:3-109(a)(2) (check not made payable to a specific payee is a negotiable instrument payable to bearer); LA. REV. STAT. 10:3-301 (holder of instrument is entitled to enforce it even if holder is not owner or rightful possessor).

The Sigusts contend further that the bankruptcy court erred by allowing the amendment of the complaint.  In the light of our holding that McDonough, individually, had standing to object to the Sigusts' discharge, it is unnecessary for us to consider whether the bankruptcy court abused its discretion by allowing amendment of the complaint to add The Levee Club as a party.

Finally, the Sigusts maintain that neither McDonough nor The Levee Club has standing because the debt resulting from the cashing of the checks is an unenforceable gambling debt.  The bankruptcy and district courts correctly rejected that argument.  The checks were enforceable negotiable instruments, not unenforceable gambling debts.  See LA. REV. STAT. 27:322A(1), (3) (prohibiting video poker licensees from cashing "identifiable employee payroll check" and "any check that represents a Family Independence Temporary Assistance Program (FITAP), Temporary Assistance for Needy Families (TANF), or supplemental security income payment"); see also TeleRecovery of Louisiana, Inc. v. Gaulon, 738 So.2d 662, (La. Ct. App.) (casino markers are enforceable negotiable instruments), writ denied, 751 So.2d 224 (La. 1999); TeleRecovery of Louisiana, Inc. v. Major, 734 So.2d 947, 950-51 (La. Ct. App.) (checks exchanged

3

for gambling chips are enforceable obligations), <u>writ denied</u>, 750 So.2d 196 (La. 1999).

For the foregoing reasons, the judgment of the district court, affirming the judgment of the bankruptcy court, is

A F F I R M E D.